Filed March 27, 1896.

---

No. 1,909.

## CHICAGO & SOUTH EASTERN RAILWAY COMPANY v. STATON.

APPELLATE PROCEDURE.— *Waiver of Error.* — An alleged error is waived by failure to discuss it.

BILL OF EXCEPTIONS.—*Time for Filing.—Filing at Following Term.— Record.*—A bill of exceptions cannot be considered on appeal where it was filed at the term following that at which the motion for new trial was overruled and final judgment rendered, and leave was neither asked nor given to file the bill beyond the term.

From the Clinton Circuit Court.

*W. R. Crawford* and *U. C. Stover*, for appellant.

*S. R. Artman* and *J. L. Lewis*, for appellee.

DAVIS, J.—This was an action instituted by appellee against appellant to recover for building a fence along appellant's right of way under the provisions of section 5324, R. S. 1894.

The court made a special finding of facts and stated conclusions of law thereon in favor of appellee.

Judgment rendered was against the appellant.

The following errors are assigned in this court:

1.   That the complaint does not contain sufficient facts to constitute a good cause of action against this appellant.

2.   The lower court erred in overruling appellant's motion to strike out certain parts of the special finding of facts.

3.   The lower court erred in overruling appellant's motion for a new trial.

The first two errors have been waived by the failure to discuss them.

The only question discussed is as to the sufficiency of the evidence.   Counsel for the appellee insist that the evidence is not in the record.

The judgment was rendered on the 20th of December, the fortieth day of the November term, 1894, of the Clinton Circuit Court.

On the same day the appellant's motion for a new trial was overruled, to which ruling of the court the appellant excepted.   The record does not disclose that any time was granted in which to file bill of exceptions.

Afterwards, on the 15th of January, the eighth judicial day of the January term, 1895, of said court, a bill of exceptions containing the evidence was filed.

In other words the bill of exceptions was not filed at the term at which the motion for the new trial was overruled and final judgment rendered, and leave was

never asked nor given to file the bill of exceptions beyond the term.

The rule has been long settled that a bill of exceptions containing the evidence can only be filed after the expiration of the term in which the judgment was rendered and the motion for a new trial overruled, upon the express authority granted by the court in term time to the party desiring to avail himself of this right, and that such warrant must appear from the court's record, and in the absence of a showing by the record of such special leave, the bill of exceptions containing the evidence filed after the expiration of the term in which the motion for a new trial was overruled and the judgment rendered is no part of the record. *DePauw University* v. *Smith*, 11 Ind. App. 313.

The evidence is not in the record.

Judgment affirmed.

Filed March 27, 1896.